Alex La FOUNTAIN and Lois La Fountain, Plaintiffs,

v.

SEARS, ROEBUCK AND CO., a foreign corporation, and Klapat Industries, Inc., a foreign corporation, and Hindley Manufacturing Company of Rhode Island, a foreign corporation, jointly and severally, Defendants.

KLAPAT INDUSTRIES, INC., Third–Party Plaintiff,

v.

HINDLEY MANUFACTURING COMPANY of RHODE ISLAND, a foreign corporation, Third–Party Defendant.

Civ. A. No. 86–CV–74695–DT.

United States District Court, E.D. Michigan, S.D.

Jan. 22, 1988.

Leonard M. Koltonow, Southfield, Mich., for plaintiffs.

Timothy A. Bahorski, Mt. Clemens, Mich., George A. Hilborn, Birmingham, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

Plaintiffs purchased from Sears Roebuck and Co. a hammock including chains and "J" hooks for installation. Klapat Industries Inc. had supplied the hammock including chains and "J" hooks to Sears. The "J" hooks were manufactured by Hindley Manufacturing Company, who sold them to Klapat.

On July 20, 1985, plaintiff Alex La Fountain installed the hammock by inserting the "J" hooks into two trees and suspending the hammock from the hooks. Plaintiffs claim that, while they were lying in the hammock, the hammock came loose from the hook causing plaintiffs to fall and suffer injuries. Plaintiffs allege that the "J" hook "opened" causing the chain to slip out and the hammock to fall.

Plaintiffs filed suit against all defendants claiming they were injured as a result of the defective "J" hook. Plaintiffs' pleadings asserted claims of negligence and breach of implied and express warranty against all defendants. Defendants Sears & Klapat filed crossclaims against Hindley seeking indemnification from Hindley for any loss or liability which may be imposed upon Sears and Klapat by virtue of plaintiffs' claims.

At the close of plaintiffs' proofs, the Court granted a Motion for Directed Verdict in favor of defendants Sears and Klapat on plaintiffs' claim of negligence since no evidence was introduced by plaintiffs indicating negligent conduct on the part of either of these defendants. The Court also granted Motions for Directed Verdict on behalf of all defendants on the issue of breach of express warranty since no proofs were introduced to satisfy this Court that any defendant ever made representations sufficient to constitute an express warranty.

As to plaintiffs' claim against Hindley on its theory of negligence, the jury specifically found that Hindley was not negligent. The jury found in favor of the plaintiffs against all defendants on plaintiffs' claim of breach of implied warranty. A judgment was entered in favor of plaintiffs against all defendants in the amount of $161,000.

Subsequent to the rendering of the jury verdict, cross-plaintiffs Sears and Klapat moved for a directed verdict on their claim of indemnification against Hindley. Sears and Klapat argue that any liability imposed upon them results strictly from their conduct as seller; and they in turn have a common law right of indemnification against Hindley, the manufacturer of the product. Sears and Klapat assert that since there was no finding of active negligence on their part (the Court having directed a verdict in their favor on the issue of negligence), they are entitled to common law indemnification. Cross-defendant Hindley opposes such motion on the basis that it was determined not to be negligent,

and that any obligation that an indemnitor has must be based on a finding of fault. Since the jury determined that Hindley was not negligent, Hindley claims it cannot be liable to cross-plaintiffs on the claim of indemnification. Hindley seeks a directed verdict of no cause for action on the indemnification claim.

This Court rejects Hindley's argument. Hindley manufactured the product which "failed," i.e. the product which the jury determined was not reasonably fit for the uses anticipated or reasonably foreseeable. Hindley is therefore liable to the plaintiffs regardless of proof of fault. *Latimer v. Wm. Mueller & Son*, 149 Mich.App. 620, 639, 386 N.W.2d 618 (1986). While a negligence theory focuses on a defendant's conduct and requires a showing that it was unreasonable, a warranty theory focuses upon the fitness of the product, irrespective of the defendant's conduct. *Prentis v. Yale Manufacturing Co.*, 421 Mich. 670, 692, 365 N.W.2d 176 (1984). By finding in favor of the plaintiffs on the theory of breach of implied warranty, the jury determined that plaintiffs' injury was the result of a "defective product," i.e. a product that was not reasonably fit for the uses anticipated or reasonably foreseeable. Cross-plaintiffs Sears' and Klapat's involvement with such product, was solely as a seller of such product. Liability was imposed upon them by operation of law.

Common law indemnity is based on the equitable principle that where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer. This right is enforced only where the liability arises vicariously or by operation of law from the wrongful act of the party from whom indemnity is sought. *Latimer, supra* 149 Mich.App. at 638, 386 N.W.2d 618.

Since liability is imposed upon cross-plaintiffs by operation of law and since cross-plaintiffs are free from active fault, cross-plaintiffs are entitled to indemnification.

For the reasons indicated above, this Court does hereby grant cross-plaintiffs' motion for directed verdict on cross-plain-

tiffs' claims for indemnification and the Court does hereby deny cross-defendant Hindley's motion for directed verdict.

An Order reflecting the above shall issue forthwith.